UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES PUCKETT                                              CIVIL ACTION

VERSUS                                                       NO. 10-1066

EUGENIE C. POWERS, DEPARTMENT                                SECTION "R"(6)
OF PUBLIC SAFETY AND CORRECTIONS

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED.**

On June 8, 1992, petitioner, Charles Puckett, pled guilty in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to two amended counts of forcible rape. On September 3, 1992, petitioner was sentenced to twenty (20) years on each count to run concurrent with each other. On September 11, 2001, petitioner was paroled. As part of his

parole, petitioner was obligated to give notice and register as a sex offender for ten (10) years.  On February 21, 2008, the State broadened petitioner's parole obligation, requiring him to register as a sex offender for the rest of his life.  (Rec. doc. 1, p. 3).

Pursuant to the instant habeas corpus action filed pursuant to 28 U.S.C. § 2254, petitioner is challenging the lawfulness of the State's action in extending for life his obligation to register as a sex offender.  Petitioner asserts that the State's action represents a violation of his constitutional protection against cruel and unusual punishment and ex post facto laws.  (Rec. doc. 1, p. 4).

It is well-established that federal courts may entertain habeas corpus petitions only from persons "in custody".  28 U.S.C. §§ 2241(c) and 2254(a).  It is likewise well-established that a requirement that one register as a sex offender "does not render a person 'in custody' for habeas corpus purposes."  *Emerson v. Louisiana*, 2010 WL 5375984, *2 (E.D. La. Nov. 18, 2010) (Shushan, MJ), *adopted*, 2010 WL 5376359 (E.D. La. Dec. 14, 2010) (Barbier, J) (citing *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas."); *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999); *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998)).  *See also Cravener v. Cameron*, 2010 WL 235119, *2 (W.D. Pa. Jan. 15, 2010) (citation omitted) (challenge to requirement that petitioner register

as a sex offender is "not cognizable in habeas and only cognizable via a civil rights action"); *Jennings v. Owens*, 602 F.3d 652 (5th Cir. 2010) (challenge to modification of parole adding special conditions for sex offenders properly brought to federal court via a civil rights action under 42 U.S.C. § 1983).

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Charles Puckett, be **DENIED** as not raising a claim cognizable in habeas, albeit without prejudice to petitioner's right to file a separate civil rights action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto.*

*Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[1]

New Orleans, Louisiana, this __26th__ day of _____January_____, 2011.

                                              _____
                                              LOUIS MOORE, JR.
                                              United States Magistrate Judge

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.