UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHARLES PUCKETT                                         CIVIL ACTION

VERSUS                                                  NO: 10-1066

EUGENE POWERS, DEPARTMENT OF                            SECTION: R(6)
PUBLIC SAFETY AND CORRECTIONS

**ORDER**

The Court, finding that as of this date neither party has filed any objections to the Magistrate Judge's Report and Recommendations,[1] hereby approves the Report and adopts it as its opinion.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of

---

[1] (R. Doc. 9.)

appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336.

Puckett's motion does not satisfy these standards. As detailed in the Magistrate Judge's ruling, Puckett was paroled on September 11, 2011 and now seeks to challenge the lawfulness of the State's extension of the period for which he must register as a sex offender. A requirement that one register as a sex offender, however, does not render a person "in custody" for the purposes of habeas corpus. *See, e.g.*, *Emerson v. Louisiana*, 2010 WL 5375984, *2 (E.D. La. 2010), *adopted*, 2010 WL 5376359 (E.D. La. 2010); *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("[G]iven the habeas statute's 'in custody' requirement, courts have uniformly rejected the argument that a challenge to a sentence of registration under a sexual offender statute is

cognizable in habeas.") (citations omitted).  Because Puckett is no longer in custody, he may not seek habeas relief.  28 U.S.C. § 2254(a); *Dickerson v. State of Louisisna*, 816 F.2d 220, 224 (5th Cir. 1987).  Puckett presents no arguments or evidence to cast doubt on this determination, and reasonable jurists would not find the issue debatable.

   Accordingly,

   Charles Puckett's petition for a writ of habeas corpus is DENIED WITH PREJUDICE.


   New Orleans, Louisiana, this 28th day of February, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE